

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 11, 1977

The Honorable Gene Knize
County Attorney
Ellis County
Waxahachie, Texas    75165

Opinion No. H-922

Re:  Authority of a
commissioners court to
reduce the salary of the
secretary to the county
attorney.

Dear Mr. Knize:

You have requested our opinion regarding the authority
of the Commisssioners Court of Ellis County to reduce the
salary of the county attorney's secretary.  On August 27,
1976, the commissioners court approved "amended salary
classifications" for fiscal 1977.  Included therein was a
salary increase which the county attorney had requested for
his secretary.  On November 19, 1976, the commissioners
court approved a new salary schedule, effective December 1,
1976.  The new schedule reduced the salary of the county
attorney's secretary to its pre-September 1 level.  The
county attorney had not requested the decrease.

Article 332a, V.T.C.S., provides that

> salaries of assistant prosecuting attorneys,
> investigators, secretaries and other office
> personnel shall be fixed by the prosecuting
> attorney, subject to the approval of the
> commissioners court of the county or the
> counties composing the district.  Sec. 5.

"Prosecuting attorney" is defined to include county attorneys.
Sec. 1.  In Attorney General Opinion H-908 (1976),  we held that a
commissioners court was authorized to refuse approval of
salaries proposed by a prosecuting attorney pursuant to
article 332a.  We indicated, however, that the prosecuting
attorney was responsible for initially setting the salaries.
In our opinion, while the commissioners court may reject
any salary proposal submitted by a prosecuting attorney,
it may not itself fix that salary.

p. 3864

It would appear that the Commissioners Court of Ellis County, by virtue of its November 19 order, has attempted to fix a new salary for the county attorney's secretary. Under the terms prescribed by article 332a, only the county attorney may set the salary of his secretary. Unless and until he proposes a salary change to the commissioners court, his secretary's salary cannot be altered. Accordingly, under the facts you have presented it is our opinion that the Commissioners Court of Ellis County was without authority to reduce the salary of the county attorney's secretary from that set by the county attorney and approved by the commissioners court on August 27, 1976.

### S U M M A R Y

Pursuant to article 332a, V.T.C.S., a commissioners court may not set the salary of the county attorney's secretary. Its authority thereunder is limited to approval or disapproval of the salary fixed by the county attorney.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb